UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN COSTIGAN, :
: Civil Action No. 14-4632 (MAS)
        Petitioner, :
:
        v. : **OPINION**
:
THE ATTORNEY GENERAL OF THE :
STATE OF NEW JERSEY, :
:
        Respondent. :

**APPEARANCES:**

    KEVIN COSTIGAN, Petitioner pro se
    15 Laurel Avenue, Room 26
    Keansburg, New Jersey 07734

**SHIPP**, District Judge

    This matter is before the Court on the application of Petitioner Kevin Costigan for habeas corpus relief under 28 U.S.C. § 2254. In a separate Order, this Court has administratively terminated this action because Petitioner did not submit his habeas application on the proper habeas form as required by Local Civil Rule 81.2(a). However, with his habeas petition, Petitioner also filed a motion for emergency relief requesting an order to show cause why a preliminary injunction should not issue. (ECF No. 2.) Specifically, the motion seeks a preliminary injunction with respect to pending state criminal charges. (*Id.*) For the reasons set forth below, the motion is denied on federal abstention grounds under *Younger v. Harris*, 401 U.S. 37 (1971).

1

## I. BACKGROUND

Mr. Costigan is not presently confined at a state correctional facility. In fact, at the time he filed this habeas petition, he admittedly was no longer in the custody of the State of New Jersey pursuant to the New Jersey state court conviction that he challenges in his habeas petition. Mr. Costigan filed the present petition in person on July 24, 2014.

Mr. Costigan challenges his New Jersey state court judgment of conviction, entered on January 17, 2003, in the Superior Court of New Jersey, Monmouth County, for second degree sexual assault and endangering the welfare of a child. (ECF No. 1, Petition at ¶¶ 1-5.) Specifically, he appears to challenge the community supervision for life requirement under Megan's Law. *See* N.J.S.A. 2C:43-6.4. In a lengthy and rambling submission, Mr. Costigan asserts that his counsel was ineffective and claims that he is actually innocent of the charges for which he was convicted.

Mr. Costigan also filed a motion for injunctive relief. (ECF No. 2.) Namely, he seeks an Order restraining the State of New Jersey from continued prosecution of a superseding Indictment No. 14-06-01031 for an alleged violation of Megan's Law's community supervision for life requirement. He had a scheduled court appearance in the Superior Court of New Jersey, Law Division on July 25, 2014. (ECF No. 2, Motion at 2.)

## II. DISCUSSION

Mr. Costigan seeks emergent injunctive relief from enforcement of Megan's Law's community supervision requirement. *See* N.J.S.A. 2C:43-6.4. Specifically, he asks this Court to restrain the State of New Jersey from continued prosecution of a recent April 2013 violation of Megan's Law's community supervision for life.

The doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[1] As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the ... court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. 241, 251 (1886).

Thus, the proper procedure for Mr. Costigan is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Megan's Law also provides Mr. Costigan with an opportunity to petition the Superior Court of New Jersey for release from the supervision for life requirement. See N.J.S.A. 2C:43-6.4(c). Mr. Costigan has not indicated that he has sought release from the supervision for life requirement. He also has the opportunity to litigate any defenses or constitutional claims with respect to his pending state criminal charge while it is

---

[1] In *Younger*, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. *See also Samuels v. Mackell*, 401 U.S. 66, 69–73 (1971) (*Younger* abstention doctrine applies to declaratory judgment actions).

ongoing. Therefore, Mr. Costigan's application for emergent injunctive relief is denied without prejudice on federal abstention grounds and because it is premature at this time.

### III. CONCLUSION

Based upon the foregoing, Petitioner's motion for preliminary injunctive relief (ECF No. 2) is denied without prejudice. An appropriate Order accompanies this Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
United States District Judge

Dated: 10/17/14