**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN COSTIGAN, | : |
| Petitioner, | : Civil Action No. 14-4632 (MAS) |
| v. | : **MEMORANDUM OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : |
| Respondent. | : |

**SHIPP, District Judge**

Petitioner Kevin Costigan ("Petitioner"), a convicted criminal in the State of New Jersey ("State"), filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State for sexual assault of a minor and related crimes. (ECF No. 1.) Respondent has filed a Response (ECF No. 20), and Petitioner has not filed a traverse. The Court has considered the parties' submissions, as well as the relevant records of this case. For the reasons stated below, the Court denies the Petition as time-barred.

**I.  FACTUAL BACKGROUND**

A jury in the Superior Court of New Jersey convicted Petitioner of sexual assault and endangering the welfare of a child. *State v. K.C.*, No. A-0391-03T4, slip op. at 1 (N.J. Super. Ct. App. Div. Dec. 9, 2004) (ECF No. 20-18). He received concurrent sentences of seven years for the crimes. *Id.* at 2. He appealed the conviction and sentence, and the state appellate court affirmed on December 9, 2004. *Id.* at 14. Certification was denied by the New Jersey Supreme Court on February 15, 2005. (ECF No. 20-21.)

Petitioner subsequently filed four applications for post-conviction relief ("PCR"). He filed the first on September 23, 2005. (Pet'r's First Motion for PCR 3, ECF No. 20-22.) It was denied on June 8, 2007 (Order Denying First PCR 1, ECF No. 20-33). The denial was affirmed on April 30, 2008, *State v. K.C.*, Indictment No. 01-07-1246, 2008 WL 1874440, at *1 (N.J. Super. Ct. App. Div. Apr. 30, 2008), and certification was denied on July 2, 2008 (ECF No. 20-41). Petitioner filed the second PCR application on September 25, 2008. (Pet'r's Second Motion for PCR 1, ECF No. 20-43.) The second application was denied on April 23, 2009 (Order Denying Second Motion for PCR 1, ECF No. 20-49), and Petitioner does not appear to have filed an appeal of that denial. Petitioner filed the third PCR application on March 15, 2012 (*see* Pet'r's Reply Br. in Third Motion for PCR 2, ECF No. 20-53), which was denied on March 20, 2013 (Order Denying Third Motion for PCR 6, ECF No. 20-54). Again, Petitioner does not appear to have appealed that denial. Petitioner filed the fourth PCR application on May 15, 2013 (Pet'r's Fourth Motion for PCR 1, ECF No. 1-6). The fourth PCR application was denied on October 31, 2013 (Pet'r's Aff. 1, ECF No. 1-7). Petitioner then filed the instant Petition on July 24, 2014.

## II. DISCUSSION

Respondent contends that the Petition is untimely. The Court agrees. Title 28, Section 2244 of the U.S. Code provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v.*

2

*United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, the "limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, "the limitations period is subject to both statutory and equitable tolling." *Id.* at 85.

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449, at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

3

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

Here, there is no question that the Petition is statutorily untimely. Even if the Court applies statutory tolling during the pendency of every single PCR application, Petitioner's one-year limitations period expired before the instant Petition was filed because there were significant time gaps between the four PCR applications that would not be entitled to tolling. As the above dates demonstrate, there was an 84-day gap between the denial of the first application and the filing of the second application, an 1,012-day gap between the denial of the second application and the filing of the third application, and another 9-day gap between the denial of the third application and the filing of the fourth application. In addition, Petitioner waited another 221 days after the fourth denial to file the instant Petition.[1] This amounts to a total of 1,326 days for which Petitioner was not entitled to statutory tolling, making the instant Petition grossly untimely.

As stated above, Petitioner did not file a traverse, and therefore made no argument for equitable tolling. In the Amended Petition, however, Petitioner invokes the "actual innocence" exception. (Am. Pet. 75, ECF No. 11.) In *McQuiggin v. Perkins*, the Supreme Court recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [despite] expiration of the statute of limitations." 133 S. Ct. 1924 (2013). However, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the

---

[1] The Court credited Petitioner with the 45-day window to appeal a PCR denial for any denial that Petitioner did not appeal. *See* N.J. Ct. R. 2:4-1(a) ("Appeals from final judgments of courts . . . shall be taken within 45 days of their entry."); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011).

4

new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This "standard is 'demanding' and seldom met." *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner proffers no new evidence to support his actual innocence claim; he merely makes a conclusory statement that he was actually innocent. To the extent Petitioner may be arguing that the State did not satisfy its burden of proving his guilt, the Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see United States v. Brown*, 609 F. App'x 548, 549 (10th Cir. 2015) (applying the *Bousley* standard to a *McQuiggin* "actual innocence" claim); *Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013) (same); *Harris v. Overmyer*, No. 14-4615, 2015 WL 4977002, at *3 (E.D. Pa. Aug. 19, 2015) (same). That is, to invoke the actual innocence exception, Petitioner must proffer affirmative evidence showing that he could not have committed the crimes; merely raising reasonable doubts concerning the conviction is insufficient. *See* 28 U.S.C. § 2254(e) (stating that factual determinations by the state court shall be presumed to be correct, and that a petitioner bears the burden of rebutting the presumption of correctness with clear and convincing evidence); *Cruz v. Wetzel*, No. 14-2681, 2015 WL 6855637, at *6 (E.D. Pa. July 30, 2015) ("It is not enough that in light of the new evidence a reasonable doubt may exist as to the [p]etitioner's guilt, the test is even more onerous than that.") (quoting *Cox v. Beard*, No. 12-0285, 2014 WL 556236, at *9 (W.D. Pa. Feb. 13, 2014)). Of course, Petitioner does not even proffer evidence to show reasonable doubt, let alone actual innocence. Accordingly, because Petitioner raises no equitable tolling arguments, and he cannot establish actual innocence, the Court denies the Petition as time-barred.

### III.     CERTIFICATE OF APPEALABILITY

Finally, the Court denies a certificate of appealability ("COA"). The habeas statute provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, the United States Supreme Court held that:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition was correct.

### IV.     CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred, and a certificate of appealability is DENIED.[2]

s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

Dated: 10/26/16

---

[2] The Court notes that much of the extraneous filings in the instant matter detail Petitioner's complaints regarding the State's alleged harassment of him as a sex offender subject to Community Supervision for Life ("CSL"). In order to challenge any probation revocation decisions stemming from CSL, Petitioner would need to file a separate § 2254 petition. Before the Court can entertain such a petition, however, Petitioner must first exhaust his state court remedies—that is, he must appeal any probation revocation decision through all levels of the state court. *See* 28 U.S.C. §§ 2254(b) & (c).